GUERNSEY COUNTY—MARCH TERM, 1817.

PRESENT—TAPPAN, *President*—GOMBER, SPEARS AND KIRKPATRICK,
*Associates.*

GUERNSEY.
December 1816

Ohio
*v.*
Foy and
M'Laughlin.

## OHIO vs. FOY & M'LAUGHLIN.

On an indictment for a joint offence, one defendant cannot be a witness for or against
the others.

An *agreement* to fight, may be inferred from the conduct of the parties.

Two persons are indicted for an affray under the statute, one pleads guilty, the other is
acquitted, they must both be discharged.

INDICTMENT for an affray.

M'Laughlin pleaded guilty.

Foy, not guilty.

On the trial of Foy, M'Laughlin was offered as a witness for the
state by HARPER, who observed, that as he had pleaded guilty to this
indictment, he could have no interest in the event as to Foy.

HERRICK, for defendant, objected that he was clearly incompetent.

PRESIDENT.—This is an indictment for a joint offence; and it seems
that Foy and M'Laughlin have an equal interest in the event of the
prosecution.

A witness is admissible and competent to prove a fact against his
interest, in cases where he cannot be examined generally: but this
witness is not offered on such grounds; he is not called to prove any
one particular fact which it would appear to be against his interest to
establish, and which, although incompetent generally, he would be
admitted to prove; he is offered as a witness competent to every point;
he cannot be admitted, without establishing the position, that in all
cases on indictments against several, for joint offences, some, by
pleading guilty, become competent witnesses on the trial of the others,
whether produced for or against them. I am not prepared
to admit this to be a correct course of proceeding; the
uniform practice is against it. The cause must proceed
without his testimony.

Rex v. Lafone,
et al. 5th Esp.
Rep. 154.
10th Johns.
Rep. 95.

GUERNSEY.
December 1816
Ohio
v,
Foy and
M'Laughlin.

HERRICK, in his address to the jury, urged that an express agreement to fight, must be proven, to convict the defendant on this indictment.

PRESIDENT, to the jury.—The statute law on which this indictment is framed, enacts, "that if any two persons shall agree and wilfully fight or box at fisticuffs, the persons so offending shall be deemed guilty of an affray," &c. To convict the defendant, you must be satisfied, from the evidence, that he did agree to fight with M'Laughlin, and that such agreement was carried into effect by their wilfully fighting or boxing.

It is not necessary that such agreement should appear to have been made in any form of words, or in writing. Consent is agreement: and it is sufficient if the defendant was consenting to the combat, either in words or by gestures; he must also have consented or agreed to commence the affray; for if he was unwilling to fight at first, and was forced into the quarrel, he is not guilty; for a peaceable and quiet man may be very willing to fight in defence of his person when violently assaulted; in such case he would not be guilty of any offence against the laws: nor would the agressor be liable to the penalties of this statute, they being confined to those who fight by mutual consent or agreement.

Verdict, not guilty.

HARPER then moved the court to pass sentence upon M'Laughlin.

PRESIDENT.—The language of the statute is, "if any *two persons* shall agree," &c. "*the persons* so offending," &c. One person cannot be guilty of this offence; and notwithstanding the plea of M'Laughlin, if it appears, from the whole record, that he is not guilty, we have no authority to award any of the penalties of this statute against him. The finding of the jury is conclusive as to this, that M'Laughlin and Foy did not agree and fight at fisticuffs; M'Laughlin cannot, therefore, be guilty of the offence charged in this indictment, and the judgment must be arrested.

So there must be three persons engaged in doing an unlawful act of violence, to make a riot. If, upon an indictment for a riot, the jury find two of the defendants guilty, and acquit the rest, no judgment can be given, says lord Holt, Rex vs. Heaps, 2d Salk. 593. Of the same opinion was the court of King's Bench, in the case of Rex. vs. Scott and another, 3d Burr. Rep. 1263. These cases are analogous

to the one before us.   The plea of this defendant confesses no more than was established by the verdict in the case in Salkeld; as two could not be guilty of a riot in that case, so here whatever offence M'Laughlin may have committed, he cannot be deemed guilty of this particular charge—Discharged.